UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
BUILDING SERVICE 32BJ HEALTH FUND,
BUILDING SERVICE 32BJ LEGAL SERVICES
FUND, BUILDING SERVICE 32BJ THOMAS
SHORTMAN TRAINING, SCHOLARSHIP AND
SAFETY FUND,
                                                Plaintiffs,                08-CV-00898 (RWS)(JCF)

   -against-

SHAMROCK ACQUISITIONS, CORP. d/b/a
SHAMROCK BUILDING SERVICES AND
SHAMROCKBUILDING SERVICES CORPORATION
d/b/aSHAMROCK BUILDING SERVICES,
                                                Defendants.
------------------------------------------------------------------------X

**PROPOSED FINDINGS OF FACT
AND CONCLUSIONS OF LAW**

       This cause came on for hearing, and the Court having heard the evidence, and considered the affidavits and exhibits in support and in opposition to the application for a preliminary mandatory injunction, finds the facts and states the conclusions of law, as follows:

FINDINGS OF FACT:

1.     The underlying action is brought under E.R.I.S.A. (29 U.S.C. §§ 1132(a)3 and 1145) and under the Taft-Hartley Act (29 U.S.C. § 185) to compel contributing employers SHAMROCK ACQUISITIONS, CORP. d/b/a SHAMROCK BUILDING SERVICES AND SHAMROCK BUILDING SERVICES CORPORATION d/b/a SHAMROCK BUILDING SERVICES, jointly referred to as "Shamrock", to pay delinquent contributions owed to the BUILDING SERVICE 32BJ HEALTH FUND, BUILDING SERVICE 32BJ LEGAL SERVICES FUND, BUILDING SERVICE 32BJ THOMAS SHORTMAN TRAINING, SCHOLARSHIP AND SAFETY FUND, herein collectively referred to as the "Funds", and

for statutory penalties, including interest, liquidated damages and attorneys fees.

2. The Fund has moved for a preliminary mandatory injunction to compel Shamrock to pay all undisputed sums owed to the Funds and to further compel Shamrock to make all future payments to the Funds as same become due.

3. The Funds are jointly-administered, multi-employer, labor-management trust funds established and maintained pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act (29 U.S.C. § 186(c)(5)). The Funds are employee benefit plans within the meaning of Sections 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. § 1002(2),(3), and 1132(d)(1)), and multi-employer plans within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. §§ 1002(37) and 1145).

4. Pursuant to a collective bargaining agreement between Shamrock and Service Employees International Union, Local 32BJ ("Union"), Shamrock was obligated to make monthly payments to the Funds, to provide health benefits and other benefits, including pre-paid legal, scholarship and training benefits to Shamrock's employees covered by said agreement. Shamrock became delinquent in its contributions to the Funds during 2006 and 2007 and simply stopped making payments, following an October 2007 partial payment..

5. Shamrock does not contest its obligation to make the payments. Rather, Shamrock asserts that it is financially unable, at this time, to make the past payments. Since the Order to Show Cause was signed, Defendants have made the three monthly payments that became due.

6. In the Second Circuit, the standard for a preliminary injunction is:

> "It is well established in this Circuit that a party seeking a preliminary injunction must show that it is likely to suffer possible irreparable injury if the injunction is not granted and "either (1) a likelihood of success on the merits of the case or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation."

Reuters Ltd. v. United Press Intern., Inc., 903 F.2d 904, 907 (2d Cir. 1990) (internal citations omitted). As for irreparable harm, the Court in Reuters went on to hold:

> Because a showing of probable irreparable harm is "the single most important pre-requisite for the issuance of a preliminary injunction",... the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered. Irreparable harm must be shown by the moving party to be imminent, not remote or speculative,...and the alleged injury must be one incapable of being fully remedied by monetary damages.

903 F.2d at 907 (internal citations omitted).

7. In the context of the legislative history of ERISA, Congress made it quite clear that injunctive relief of the nature being sought is proper. As the Sixth Circuit Court of Appeals summarized in Laborers Fringe Benefit Funds v. Northwest Concrete, 640 F.2d 1350, 1352 (6th Cir. 1981):

> The legislative history underlying section 502 indicates that Congress intended that the enforcement provisions should have teeth: the provisions should be liberally construed "to provide both the Secretary and participants and beneficiaries with broad remedies for redressing or preventing violations of the Act." H.R. Rep. No. 93-533, 93d Cong. 2d Sess. 17, *reprinted in* [1974] U.S. Code Cong. & Ad. News p. 4655. This history further states that "[t]he intent of the Committee is to provide the full range of legal and equitable remedies available in both state and federal courts and to remove jurisdictional and procedural obstacles which in the past appear to have hampered effective enforcement of fiduciary responsibilities under state law for recovery of benefits due to participants." Id.
>
> Thus, on the basis of the plain language of the statute and the attendant legislative history, we hold that Section 502(a)(3), is unambiguous evidence of Congress' express intent to permit federal courts to issue injunctions. Therefore, the district court below had authority under Section 502(a)(3) to enjoin the defendants' misconduct.

8. This analysis was adopted by the Second Circuit in Iron Workers Dist. Council v. Hudson Steel, 68 F3d 1502, 1506 (2d Cir. 1995). The Second Circuit added upon this analysis by quoting from a staff report of the Senate Committee on Labor and Human Resources as cited in Central States, Southeast and Southwest Areas Pension Fund v. Alco Express Co., 522 F.Supp. 919, 921-923 (E.D. Mich. 1981):

> "Delinquencies of employers in making required contributions are a serious problem for most multiemployer plans. Failure of employers to make promised contributions in a timely fashion imposes a variety of costs on plans...
>
>> Recourse available under current law for collecting delinquent contributions is insufficient and unnecessarily cumbersome and costly. Some simple collection actions brought by plan trustees have been converted into lengthy, costly and complex litigation concerning claims and defenses unrelated to the employer's promise and the plans' entitlement to the contributions. This should not be the case. Federal pension law must permit trustees of plans to recover delinquent contributions efficaciously...
>>
>> The public policy of this legislation to foster the preservation of the private multi-employer plan system mandates that provision be made to discourage delinquencies and simplify delinquency collection.
>
> 68 F.2d at 1506.

9. As noted, an employer's defenses to the ERISA action are very limited. "Once an employer knowingly signs an agreement that requires him to contribute to an employee benefit plan, he may not escape his obligations by raising defenses that call into question the union's ability to enforce the contract as a whole". Benson v Brower's Moving and Storage Inc, 907 F3d 310, 314 (2nd Cir. 1990).

10. "ERISA collection cases are exceptions from the general rule of equity that equity will not enjoin either prohibitively or mandatorily the payment of money." Demolition Workers Union Local 95 Insurance Annuity and Pension Funds v Mac Contracting Corp. 2000 U.S. Dist Lexis 3548*27 (S.D.N.Y. March 22, 2000), citing Central States v Hester, 1984 U.S. Dist Lexis 15454*5-6 (N.D. Ill July 6, 1984.) Central States stands for the proposition that as a matter of law, a contributing employer's failure to make required contributions compromises the financial soundness of fringe benefit funds and results in irreparable harm. 1984 U.S. Dist Lexis 15154 at *6. Accord, Laborers Fringe Benefit Funds v Northwest Concrete and Construction Inc., 640 F.2d 1350 (6th Cir. 1981); Board of Trustees v Dibella Roofing , Inc.

2005 U.S. Dist Lexis 30146*12 (E.D.N.Y. October 26, 2005); King v Nelco Industries 1996 U.S. Dist Lexis 22521 (E.D.N.Y. October 29, 1996). Courts have consistently ordered injunctive relief to be imposed upon employers who ignore their ERISA obligations. See Demolition Workers, supra.; MacRoyce, supra. See also, Chartier v J & F Management Corp., 1992 U.S. Dist Lexis 17853 (S.D.N.Y. November 25, 1992); McCrory v G.C. Monaco Electric, Inc., 1989 U.S. Dist Lexis 7573 (S.D.N.Y. July 5, 1989).

11. Furthermore, the requirement that the alleged injury be "incapable of being remedied by monetary damages," Reuters, 903 F2d at 907, is inapplicable when it appears that a money judgment will go unsatisfied absent equitable relief. Alvenus Shipping Co. v. Delta Petroleum (U.S.A.), 876 F. Supp. 482, 487 (S.D.N.Y. 1994); Laro, slip opinion p. 3.

12. On the second element of irreparable harm, to wit, that the alleged injury must be one incapable of being remedied by monetary damages, Shamrock's bleak financial prospects are grounds alone to address this issue. Shamrock does not contest its general liability to the Funds. (Shamrock does dispute the exact amount of its delinquency.) Shamrock's description of a financial turnaround is questionable as it has still not secured the financing that it contended was necessary. Shamrock's financial situation is further questioned since it has not voluntarily used any of its so-called 2008 profits to pay down any of the obligations to the Funds. Moreover, absent a prospective injunction, there would be no incentive for Defendants to continue to meet their monthly obligations to the Funds. I find that the factors outlined in Alvenus and Laro are present at hand and that it appears that the Funds will suffer irreparable harm in the absence of injunctive relief.

13. Accordingly, the Funds' application for a preliminary injunctive relief is granted. Counsel for the Funds shall submit a proposed order, on notice to counsel for Defendants, no later than

_____.

Dated:_____                    _____
                                                            U.S.D.J.

Case 1:08-cv-00898-RWS   Document 14   Filed 04/29/2008   Page 6 of 6